87 F.3d 1321
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Guillermo PLASCENCIA, Petitioner-Appellee,
v.
Wayne ESTELLE, Warden; Attorney General of the State of
California, Respondents-Appellants.
 No. 95-56710.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 10, 1996.
Decided June 26, 1996.
 
 1
 Before: O'SCANNLAIN and TROTT, Circuit Judges; VAN SICKLE,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 The State of California appeals the district court's order conditionally granting Guillermo Plascencia's petition for a writ of habeas corpus. The district court, adopting the report and recommendations of a magistrate judge to whom it had referred the case, held that the improper admission of Plascencia's two coerced confessions in his state murder trial had "substantial and injurious effect or influence in determining the jury's verdict," Brecht v. Abrahamson, 507 U.S. 619, 622, 637 (1993) (citation, quotations omitted), and was thus not harmless error.[1] We affirm substantially for the reasons outlined in the magistrate judge's report and the district court's order.[2]
 
 
 4
 * During Plascencia's 1986 California murder trial, the court admitted into evidence two confessions which Plascencia had made to police. First, a police officer was allowed to testify that Plascencia had stated that he killed the victim, William McDonald, because McDonald "had no soul" "in God's eyes." Second, the prosecution played for the jury a tape recording of Plascencia's admission that he shot McDonald and that "[i]t [was] my fault."
 
 
 5
 After the confessions were admitted, Plascencia took the stand and attempted to assert a self-defense defense. He admitted that he chased and repeatedly shot McDonald, but asserted that he had not intended to kill him and had shot him only because he was afraid of him. According to the district court, Plascencia's trial counsel declared under penalty of perjury that Plascencia would not have taken the stand and admitted the crime if the confessions had not previously been admitted.[3]
 
 
 6
 In June 1990, after his conviction was affirmed on direct appeal and the California Supreme Court denied collateral relief, respondent filed a habeas petition in the federal district court alleging that his confessions had been coerced and should have been suppressed. The district court denied the petition, and Plascencia appealed.
 
 
 7
 Relying on Collazo v. Estelle, 940 F.2d 411 (9th Cir.1991) (en banc), cert. denied, 502 U.S. 1031 (1992), a different panel of this court reversed and held that the confessions were illegally obtained. Plascencia v. Estelle, 990 F.2d 1259, 1993 WL 113800 (9th Cir. Apr. 13, 1993) (unpublished memorandum disposition).[4] The court remanded for a ruling on whether admission of the confessions constituted harmless error under Arizona v. Fulminante, 499 U.S. 279 (1991) and Brecht, supra.
 
 II
 
 8
 In Fulminante, supra, the Supreme Court held that admission of a coerced confession constitutes "trial" rather than "structural" error, and is therefore subject to harmless error analysis. 499 U.S. at 310; see also Thompson v. Borg, 74 F.3d 1571, 1574 (9th Cir.1996). The relevant inquiry on habeas review is whether admission of the confessions "had substantial and injurious effect or influence in determining the jury's verdict." Brecht, 507 U.S. at 622 (quoting Kotteakos v. United States, 328 U.S. 750, 776 (1946)); see also Rice v. Wood, 77 F.3d 1138, 1144 (9th Cir.1996) (en banc) (same). "Under this standard, habeas petitioners ... are not entitled to habeas relief based on trial error unless they can establish that it resulted in 'actual prejudice.' " Brecht, 507 U.S. at 637 (citation omitted). In applying this test, this court must look
 
 
 9
 to the basis on which the jury actually rested its verdict. The inquiry, in other words, is not whether, in a trial that occurred without the error, a guilty verdict would surely have been rendered, but whether the guilty verdict actually rendered in this trial was surely unattributable to the error.
 
 
 10
 Sullivan v. Louisiana, 113 S.Ct. 2078, 2081 (1993) (citations, internal quotations omitted) (emphasis in original).
 
 
 11
 Applying this standard, we agree with the district court that admission of the confessions in this case was not harmless error.
 
 
 12
 First, the prosecution's case hinged upon proving that Plascencia shot McDonald. However, prior to the introduction of the confessions, the issue of whether Plascencia shot McDonald was in serious doubt. Charles Blackwell, an impartial witness who apparently had the best view of the shooter's face, testified that he was "absolutely positive" that Plascencia was not the shooter. In addition, Tyrone Fulton initially testified that he saw McDonald being chased by two people, and that Plascencia was not the shooter. Although he later identified Plascencia as the shooter after the prosecution refreshed his recollection, he stated that he was "still blurry about it." Moreover, Ruben Ramirez testified that Plascencia did not participate in the conversation about getting rid of McDonald, and Tina McBroome was unable to identify Plascencia as the shooter. The only testifying witness who unequivocally identified Plascencia as the shooter was James Fuller. However, as the district court noted, Fuller's testimony was suspect because of his close relationship with the victim and the fact that he witnessed the shooting from sixty feet away and one floor below. We therefore agree with the magistrate judge and district court that "the identification evidence was less than overwhelming, absent Petitioner's incriminating statements."
 
 
 13
 Second, we also note that admission of the confessions apparently forced Plascencia to change his trial strategy. As noted above, following the admission of the confessions Plascencia took the stand and asserted a weak self-defense argument. Both the Supreme Court and this court have previously indicated that the fact that a defendant has been placed in such a situation may constitute actual prejudice. See, e.g., Fahy v. Connecticut, 375 U.S. 85, 91 (1963); Rice, 77 F.3d at 1142.
 
 
 14
 In these circumstances, we agree with the district court that admission of the confessions was not harmless error.
 
 
 15
 We note briefly that this case is distinguishable from our recent decision in Pope v. Zenon, 69 F.3d 1018 (9th Cir.1995). In that case, the court concluded that admission of a coerced confession was harmless error under Brecht. The court's conclusion was based on three factors. First, the defense in that case was not premised on a claim that the defendant did not kill the victim. Id. at 1025. Instead, the defense "freely admitted" that the defendant killed the victim and asserted a defense of diminished capacity caused by intoxication. Id. Admission of the confession was thus not inconsistent with the defense. In this case, however, defense counsel has stated that he would not have attempted to assert a self-defense defense if the confessions had not first been admitted.
 
 
 16
 Second, the court in Pope noted that "the record contains abundant persuasive evidence that the defendant stabbed [the victim] ..., evidence unrelated to the defendant's confession to the police." Id. The court specifically referred to "a mountain of damning circumstantial evidence." Id. No such evidence is present in this case.
 
 
 17
 Third and finally, the court in Pope noted that the defendant's confession in that case "was not directly inconsistent with his defense of diminished capacity." Id. As noted above, this case is readily distinguishable.
 
 III
 
 18
 For the foregoing reasons, we affirm the district court's order conditionally granting Plascencia's petition for a writ of habeas corpus, and we lift this court's previous stay of execution of the district court's judgment.[5]
 
 
 19
 AFFIRMED; STAY LIFTED.
 
 
 
 *
 The Honorable Bruce M. Van Sickle, Senior United States District Judge for the District of North Dakota, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 On January 12, 1996, this court entered an order granting the state's motion for a stay of execution of the district court's judgment pending appeal
 
 
 [2]
 We review de novo the decision to grant or deny a petition for writ of habeas corpus. McKenna v. McDaniel, 65 F.3d 1483, 1490 (9th Cir.1995) (citation omitted), cert. denied, 116 S.Ct. 1451 (1996). State court findings of fact are entitled to deference under 28 U.S.C. § 2254(d), and the federal district court's findings of fact are reviewed for clear error. Id. (citation omitted)
 
 
 [3]
 The state apparently declined an opportunity to challenge the veracity of counsel's declaration on this point
 
 
 [4]
 The court explained that the interrogation of Plascencia continued after he had repeatedly requested counsel
 
 
 [5]
 We also grant the appellants' outstanding motion to file a supplement to the excerpts of record